UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:26-cr-00013-KES-1 |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL |
| CESAR CEJA, | |
| Defendant. | Doc. 61 |

Defendant Cesar Ceja appeals from the 90-day sentence of imprisonment imposed on January 21, 2026, following the revocation of his misdemeanor probation. Docs. 57–59. Ceja appeals from the sentence imposed but does not appeal the revocation of his probation. Doc. 59.

On January 28, 2026, Ceja filed a motion for release pending appeal pursuant to 18 U.S.C § 3143(b)(1). Doc. 61. The government filed a response on February 2, 2026. Doc. 65. Ceja's motion is denied as he fails to establish a basis for release pending appeal under § 3143(b)(1). The parties are directed to meet and confer on an expedited briefing schedule on the merits of this misdemeanor appeal.

Under § 3143(b)(1), a person found guilty of an offense and sentenced to a term of imprisonment shall generally be detained unless a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

1

      (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

      (i) reversal,

      (ii) an order for a new trial,

      (iii) a sentence that does not include a term of imprisonment, or

      (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Ceja fails to establish by clear and convincing evidence that he is not likely to flee. On April 15, 2021, Ceja admitted to three violations of his probation conditions: failure to make payments toward his financial obligations, failure to attend and complete a Multi-Offender DUI program, and failure to provide proof of attendance at weekly AA meetings. Docs. 38, 45. Ceja was represented by counsel in his underlying misdemeanor case and in his subsequent probation revocation proceedings.[1] Although Ceja did not appear for his sentencing hearing on the revocation on June 17, 2021, Doc. 46, he appears to have had a valid medical excuse due to an injury at that time. But the record reflects he thereafter failed to report to the court for over four years despite having moved back to this district in 2022, and despite knowing that he had not attended his scheduled sentencing hearing.

While Ceja argues that he is now transformed, his motion fails to explain why he did not turn himself in at any point after June 2021. Since then, Ceja appeared in federal court in this matter only after he was arrested in January 2026. *See* Doc. 55. And the government represents that Ceja came into federal custody only after he was first arrested by state authorities on a state warrant. There is no evidence that Ceja would ever have appeared in this federal proceeding as required if not for that state arrest. And, at least on the present record on this motion, Ceja also fails to show that his appeal raises a substantial question of law or fact likely to result in reversal of his sentence or a reduced sentence to a term of imprisonment less than the total of the time

---

[1] Ceja's underlying misdemeanor conviction was for driving under the influence of alcohol or drugs. Doc. 24.

already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(B).[2]

Ceja's motion for release pending appeal is therefore denied. The parties shall promptly meet and confer on an expedited briefing schedule for this appeal. By February 5, 2026, the parties may file a proposed expedited briefing schedule to supersede the existing schedule.

IT IS SO ORDERED.

Dated:    February 3, 2026    

_____
UNITED STATES DISTRICT JUDGE

---

[2] A substantial question is one that is "fairly debatable," or "fairly doubtful." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* (citations omitted). "[T]he phrase 'likely to result in reversal' defines the type of question that must be presented." *Id.* at 1281. This is a question which, if "determined favorably to defendant on appeal, . . . is likely to result in reversal." *Id.* at 1283. Defendant need not show "that the appeal will probably result in reversal." *Id.* at 1280. "As the moving party, it is Defendant's burden to raise a fairly debatable issue on appeal." *United States v. Roberson*, No. 2:10-CR-00211-GEB-2, 2012 WL 6053090, at *1 (E.D. Cal. Dec. 5, 2012) (internal quotation marks and brackets omitted).